

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS JULIAN RIVERA-GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No.:  3:26-cv-03814-CAB-BJW<br><br>**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Jesus Julian Rivera-Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner, a Mexican native, alleges that he entered the United States in or around 1993, was granted withholding of removal by an immigration judge on August 25, 2011, and has lawfully worked in the United States pursuant to a work permit.  [*Id.* at 2.]  Despite being previously released under conditions of supervision, Petitioner was re-detained without notice by Immigration and Customs Enforcement on March 23, 2026.  [*See id.*]

Petitioner argues he must be released under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because "there is no significant likelihood of [his] removal in the reasonably foreseeable future."  [Petition at 7–10.]  Petitioner also claims that his detention violates the Due Process Clause of the Fifth Amendment and the Convention Against Torture.  [*Id.* at 10–13.]

3:26-cv-03814-CAB-BJW

In their response, Respondents do not contest any of Petitioner's asserted facts. [*See* Doc. No. 5.] Nor do Respondents assert that removal is likely in the reasonably foreseeable future. [*See id.*] Instead, Respondents state that they are "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future." [*Id.* at 1.] Respondents also "acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision." [*Id.*]

Petitioner also argues that Respondents must provide adequate notice and an opportunity to be heard before removing him to a country other than Mexico ("third country"). [Petition at 10–13.] However, there is no evidence before the Court that Respondents have identified a third country, or that when one is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country. *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country. The Court therefore **DENIES** Petitioner's request for relief on this issue.

In conclusion, the Court **GRANTS** a writ of habeas corpus and **ORDERS** Respondents to immediately release Jesus Julian Rivera-Gonzalez subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). The Court **DENIES** Petitioner's request for injunctive relief regarding removal to a third country. <u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: July 16, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

2

3:26-cv-03814-CAB-BJW